## THE STATE *v.* BEAL.

CRIMINAL LAW.—*Defendant as Witness.—Impeachment.—Character for Truth.*—Where a defendant in a criminal case elects to testify in his own behalf, he occupies the position of both defendant and witness, and assumes the rights, privileges and disabilities which respectively attach to both these relations to the cause. He forfeits no right which has already attached to his character as defendant, but simply in addition thereto becomes also a witness in the cause. In his capacity as a witness he testifies under the same general rules which govern other witnesses in criminal causes, and, while his general moral character can not be attacked for the purpose of his impeachment, his character for truth may.

From the Blackford Circuit Court.

*A. E. Steele*, Prosecuting Attorney, and *T. W. Woollen*, Attorney General, for the State.

NIBLACK, J.—The appellee, John A. Beal, was indicted in the court below for selling intoxicating liquor, without a license, in a quantity less than a quart at a time, and upon a trial before a jury was acquitted of the offence with which he was thus charged.

Upon the trial, and after the evidence in chief for the State had been introduced, the appellee offered himself as a witness and testified in his own behalf. The State thereupon, by way of rebuttal, and for the purpose of impeaching the credibility of the appellee as a witness, introduced one Michael Frash, a competent wit-

ness, to whom the prosecuting attorney propounded a question as follows: "Are you acquainted with the general character of John A. Beal, defendant, in the community in which he lives, for truth and veracity?" To this question the appellee objected and the court sustained his objection, refusing to permit the witness, Frash, to answer the question. The State excepted, and reserved the question arising upon the ruling of the court as above set forth. This appeal is prosecuted by the State upon the question thus reserved.

Where a defendant in a criminal cause elects to testify in his own behalf, he occupies the position of both defendant and witness, and assumes the rights, privileges and disabilities which respectively attach to both these relations to the cause. By electing to testify, he forfeits no right which has already attached to his character as defendant, but simply in addition thereto becomes also a witness in the cause. In his capacity as a witness, he testifies under the same general rules which govern other witnesses in criminal causes. His general moral character can not be attacked for the purpose of his impeachment, but his character for truth may. *The State* v. *Bloom, ante,* p. 54.

This was a construction given to the law allowing defendants to testify in criminal cases, in the case of *Fletcher* v. *The State,* 49 Ind. 124; and such we believe to be the true construction of that law as applicable to cases like the one before us.

It is the common-law right of a party in a criminal, as well as in a civil, cause to attack the character of an opposing witness for truth, and this right has in no manner been abridged by statute. To refuse to allow the character of a defendant, when a witness, to be thus attacked, would afford him an advantage not enjoyed by other witnesses, and clearly not contemplated by any statute of this State.

We are consequently of the opinion that the court erred in its refusal to permit the question set out as above to be answered by the witness to whom it was addressed.

The appeal is sustained, at the costs of the appellee.