## KNIGHT v. THE STATE.

CRIMINAL LAW.—*Nunc Pro Tunc Entry, at Adjourned Term.—Arraignment. —Jurisdiction.—Presumption.—Evidence.*—The original entry of record, in a criminal prosecution, made at the time of the trial, failing to show an arraignment or plea, an entry was made at what appeared to be a special term of court, showing an arraignment and plea.

*Held,* the presumption being in favor of the jurisdiction of the trial court, and that court appearing by the record to have had jurisdiction over the defendant at the trial, that such jurisdiction continued during the special or adjourned term, and that the court had the right to direct such *nunc pro tunc entry* to be made ; and that it is presumed, the contrary not appearing, that there was evidence authorizing such entry.

SAME.—*Assault with Intent.—Instructions.*—On the trial of a defendant indicted for an assault with intent to murder, the court instructed the jury that, "Although the charge in the indictment is that of assault with intent to commit a felony, yet the indictment contains a charge simply of an assault, and the defendant, though presumed to be innocent of either offence, may, under the indictment, be found guilty of either, * as the evidence may justify."

*Held,* the jury having been also instructed fully that the crime charged was an assault with intent, and as to what was necessary to make out that crime, that the instruction was proper.

SAME.—An instruction, in such a prosecution, properly applying certain rules of law to the question of the defendant's guilt or innocence of either the misdemeanor or the felony, is not erroneous merely because it does not apply those rules to both.

SAME.—*Character of Defendant.*—In a criminal prosecution, the defendant's character is not taken into consideration unless he first introduces evidence in support of it; and then it is decided upon the evidence, as any other matter should be decided.

SAME.—*Refusal of Instruction*—A refusal to give an instruction upon a point fully covered by one already given is not erroneous.

SAME.—*Self-Defence.—Reasonable Doubt.*—See opinion.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree,* for appellant.

*T. W. Woollen,* Attorney General, and *W. H. Trippet,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against Jackson Knight, the appellant, upon an indictment for an assault

upon, with the intent to murder, one Nicholas Hampton. A jury returned a verdict of guilty, fixing the appellant's punishment at a fine of one dollar and imprisonment in the state-prison for two years. A motion for a new trial being first overruled, judgment was rendered on the verdict. The trial was had at the September term, 1879, of the court below, and was concluded on the 20th day of September - in that year. The record of the trial, as made up at the time, did not show any arraignment upon, or plea to, the indictment.

Afterward, at what was called a special term of the court below, begun and held on the 12th day of January, 1880, the following proceedings were had:

" Comes now William H. Trippet, prosecuting attorney, prosecuting the pleas of the State, and it is ordered that the following entry be entered of record: * * * Now for the fourth day of the present term of this court, it (that) being the 4th day of September, 1879, to wit, the same being the proceedings at that time:

" 'The State of Indiana v. Jackson Knight. Comes now the prosecuting attorney, prosecuting the pleas of the State, and also comes the defendant, and said defendant being arraigned in open court, the indictment in said cause being read to and in the hearing of said defendant by the said prosecuting attorney, the said defendant says, for his plea to the indictment herein, that he is not guilty as charged in the indictment'; and this cause is set for trial the 9th day of the present term of this court.' "

Two objections are made to this *nunc pro tunc* order:

First. That the record does not show any notice to, or appearance by, the defendant;

Second. That it is not affirmatively shown that the order was made upon sufficient evidence.

The proceedings connected with this order show it to have been made at a term of court which must be, and

evidently was, only an adjourned session of the preceding September term of the court below, and hence, in legal contemplation, at the same term at which the trial was had. 2 R. S. 1876, p. 14.

In the case of *Burnsides* v. *Ennis*, 43 Ind. 411, this court held, and we think correctly, that courts have full and complete control of the records of their proceedings during the entire term at which such proceedings are had, and that, when a party is once rightfully in court, the jurisdiction of the court thereby acquired over him continues, without further notice, so long as any steps remain to be taken in the cause. It was further held, in the same case, that, where the record does not disclose upon what ground the court acted in correcting, modifying or vacating a judgment, this court will presume that the action of the court was based upon some good and sufficient reason. The rules of practice thus recognized in that case are, in our opinion, as applicable in criminal as they are in civil cases, except that they can not be construed to mean that any important step can be taken at the trial in a criminal cause in the absence of the defendant, unless when otherwise expressly provided by law.

The case of *Schoonover* v. *Reed*, 65 Ind. 313, cited by counsel for the appellant, has reference more particularly to *nunc pro tunc* entries made in a cause after the close of the term at which the trial was had, and to the kind of evidence upon which only that class of entries can be lawfully made, and not to entries like the one before us, made before the close of the term at which it was to take effect, and where the proceedings are still "in the breast of the court."

There is a manifest distinction between the two classes of entries. 3 Bl. Com. 406. If, however, the entry complained of in this case had been made after the close of the term, we would still have to assume that it was made

upon proper and sufficient evidence, as the evidence upon which it was made is not before us.

At the trial, the court, upon its own motion, gave to the jury fourteen separate and somewhat elaborate instructions in writing. In its second instruction, the court said, that, " Although the charge in the indictment is that of assault with intent to commit a felony, yet the indictment contains a charge simply of an assault, and the defendant, though presumed to be innocent of either offence, may, under the indictment, be found guilty either of an assault simply, which is but a misdemeanor, or he may be found guilty of the felony charged therein, accordingly as the evidence may justify and require."

The appellant objects to so much of this instruction as is above set out, upon the ground that it did not distinctly inform the jury that he could not be convicted of the felony, unless he was also found guilty of the assault charged in the indictment, but we are unable to sustain that objection. In the first place, the language used by the court fairly implies what the appellant insists ought to have been distinctly expressed. In the next place, the jury had already been told by the first instruction, in sufficiently explicit terms, that the felonious conduct charged consisted of an assault, connected with the intent to commit murder. A further and more comprehensive definition of what was necessary to make out the felony charged was given in instruction No. 8, thus supplying any possible defect there may have been, if any, in that respect, in the second instruction.

The third instruction gave the statutory definition of an assault, and further explained what was necessary to constitute an assault, and to convict the appellant of that offence.

The fourth instruction referred to the various proposi-

tions which it was proper for the jury to consider while passing upon the evidence, and concluded with a statement as to the influences a reasonable doubt ought to have upon the minds of the jury. The fifth and sixth instructions had relation, in general terms, to the law of self defence, without any attempted application of the principles announced to the particular facts of this case. The seventh instruction had reference to the consideration which the jury ought to give to evidence tending to show previous threats on the part of Hampton. The eighth instruction gave the statutory definition of the felony charged, with some illustrations as to what was necessary to bring a case within that definition. The ninth instruction made further explanations as to what was necessary to authorize the conviction of the defendant for the alleged felonious and malicious shooting; concluding with some further reference to the effect which is to be given to a reasonable doubt in a cause like the one then on trial.

The thirteenth instruction gave a more formal definition of a reasonable doubt, which was as follows:

"A reasonable doubt is not excluded from the mind of a juror, unless he is so convinced by the evidence, of the defendant's guilt, that he would act on that conviction in matters of the highest concern and import to his own interest, and his conviction from the evidence, as to the truth of defendant's guilt, must be such that a prudent man would feel safe to act upon it under any circumstances, when there was no compulsion resting upon him to act at all. This reasonable doubt may arise upon the issue as to whether the State has made out her case or not, or upon the question as to whether the defendant acted in self-defence or not, or it may be created by the evidence in relation to the character of the defendant, or remain after a due consideration of all the evidence in this cause."

The fourteenth instruction was made to apply to certain

evidence which had been introduced touching the general character of the defendant for peace and quiet.

The appellant maintains that a proper construction of the instructions from No. 3 to No. 7, both inclusive, made all of those instructions applicable only to the misdemeanor charged in the indictment, thereby inevitably creating the impression on the minds of the jury, that the law of self-defence, as given by the court, could not be construed to support a plea of self-defence to the felonious intent alleged against him.

It is a well established rule of decision in this court, that an instruction will not be held erroneous because it may have failed to give the whole law governing the subject-matter to which it related, provided it states the law correctly so far as it assumed to give it, and no erroneous inference could reasonably be drawn from what was omitted by it. Besides, in a case like this, the defence is complete, when the defendant is shown to have been justified in making the assault with which he is charged.

The objection urged to instructions numbered 8 and 9 is the converse of that made to the five preceding instructions, that is, that those instructions related alone to the felony charged in the indictment. But what we have already said sufficiently answers that objection also.

No valid objection has been pointed out to the 13th instruction and none is apparent to us. There was certainly nothing in it injurious to the appellant.

It is objected to the 14th instruction, that the court failed to tell the jury that the character of the defendant for peace and quiet was presumed to be good until the contrary was shown.

In a criminal cause, the defendant's character is not taken into consideration, unless the defendant first introduces evidence in support of it. In that event, the question of character has to be decided upon the evidence,

in the same manner as any other question in the cause. The authorities do not sustain the appellant's objection, thus urged, to the fourteenth instruction.

We are unable to see that the appellant has any just reason to complain of any of the instructions given by the court.

The appellant asked the court to give ten additional instructions, all of which were refused by the court, and he complains that some of those instructions were improperly refused. But all the material matters contained in those additional instructions were sufficiently commented upon, and covered by, the instructions given by the court, and for that reason, if for no other, there was no error in refusing to give any of such additional instructions.

The judgment is affirmed, with costs.