CHARLES E. SHERMAN

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Waldo.   Opinion May 21, 1894.

*Fires.  Practice.   New Trial.   Irrelevant and Improper Remarks of Counsel.*
*R. S., c. 51, § 64.*

The fact that a building in which goods are kept or stored extends a few feet into the location of a railroad, if placed there, or permitted to remain there, by license of the railroad company or its officers, will not exempt the company from liability for injuries to the goods by fires communicated by its locomotive engines.

Irrelevant and improper remarks of counsel in argument to a jury may be a sufficient cause for granting a new trial; and if, upon objection being made, the Court declines to call the offending counsel to order, or omits to instruct the jury to disregard the irrelevant and improper remarks, a new trial may be obtained on exceptions; but if, upon objection being made, the court promptly calls the offending counsel to order and instructs the jury to disregard the irrelevant and improper remarks, exceptions will not lie, and the only mode of obtaining redress is by a motion addressed to the sound discretion of the court.

Exceptions lie only to errors of the court.   For misconduct of counsel a motion is the proper remedy.

ON MOTION AND EXCEPTIONS.

The case is stated in the opinion.

*Heath and Tuell,* for plaintiff.
*Webb, Johnson and Webb,* for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

WALTON, J.   This is an action based on that provision of the Revised Statutes which makes railroad corporations responsible for injuries caused by fires communicated by their locomotive engines.   R. S., c. 51, § 64.   The plaintiff was the lessee of a building near the track of the Maine Central Railroad Company in Burnham.   He used the upper part of the building for a dwelling-house and the lower part for a store.   October 6, 1892, the building and most of its contents were consumed by fire.

The plaintiff claims that the fire was communicated to the building by one of the defendant's locomotive engines; and he has obtained a verdict against the company for $5180.94. The case is before the law court on motion and exceptions.

Exceptions. It appears that one corner of the building extended on to the location of the defendant's roadway some six or eight feet; and, at the trial in the court below, the defendant's counsel requested the presiding justice to instruct the jury that the erection of that portion of the store which was within the lines of the defendant's roadway was unlawful, unless erected for the convenience of and to facilitate the defendant's business authorized under its charter; that neither the plaintiff nor those under whom he occupied had a lawful right to erect a building within the defendant's roadway for their own convenience or use alone; that such erection would be inconsistent with the purposes for which the charter was granted; that it was the duty of the company to preserve the roadway for the uses for which it was incorporated, and it had no right to permit other parties to erect buildings thereon for the sole use of parties other than the railroad; that the railroad had the exclusive control of the land within its roadway, and it was not at liberty to alienate any part of it to be used by other parties for purposes not contemplated by its charter; that while Mr. Tucker, the general manager and vice-president of the corporation, had the right to license the erection of buildings within the roadway, or the use of those having been previously erected there, provided such erection or use was for the convenience of the railroad or to facilitate its business, he had no authority to license such erection, or the use of it, for the sole use and convenience of others in a business not connected with the defendant's.

The presiding justice did not give the requested instructions in the language employed by counsel; but he instructed the jury that if there was a want of ordinary care on the part of the plaintiff in allowing his goods to remain in a building a part of which was within the located limits of the defendant's roadway, whether there by license or otherwise, and such want

of care caused or contributed to the result, the plaintiff could not recover. Could the railroad company rightfully claim more? Can the proposition be maintained that the mere fact that one corner of a building in which goods are kept or stored extends a few feet over one of the side lines of the roadway (though placed there or permitted to remain there by express license of the railroad company or its officers) will exonerate the company from all liability for injuries to the goods by fires communicated by its locomotive engines? Will that fact alone exonerate the company from all liability under the statute cited? We think not. The statute contains no such exemption in express terms; and we think none is, implied. The same question has been presented in Massachusetts and in Vermont, under statutes similar to our own, and answered in the negative, and we can see no reason for doubting the correctness of these decisions. *Ingersoll* v. *Railroad*, 8 Allen, 438; *Grand Trunk Railroad* v. *Richardson*, 91 U. S. 454.

We now come to another question. The defendant's counsel have included in their bill of exceptions an exception to remarks made by the plaintiff's attorney in his closing address to the jury. Do exceptions lie for such an error? We think not. Exceptions lie only to errors of the court. A motion is the proper remedy for the misconduct of counsel. In this case, there was no error on the part of the court. The offending attorney was promptly called to order, and the jury instructed to disregard the improper remarks. If, under these circumstances, the remarks were considered sufficiently objectionable to entitle the defendant to a new trial, the new trial should have been sought by motion, not by exceptions. If, as in *Rolfe* v. *Rumford*, 66 Maine, 564, upon objection being made, the court had declined to call the offending attorney to order, and had omitted to instruct the jury to disregard the improper and irrelevant remarks, then there would have been error on the part of the court, and redress could have been sought by a bill of exceptions. But no such errors occurred in this case. The offending attorney was promptly called to order and the jury emphatically instructed to disregard the irrelevant and improper

remarks. The remarks excepted to related to the amount of taxes paid by the railroad company, and were so obviously irrelevant, and so clearly intended as an offset to similar remarks made by the defendant's counsel in his closing address to the jury, that if they had been passed by in silence, we doubt if they would have had the slightest influence upon the jury. But they were not passed by in silence. The court characterized them as grossly irrelevant and instructed the jury not to be in the slightest degree influenced by them. Clearly, there was no error on the part of the court; and if the misconduct of the plaintiff's counsel could be deemed so gross as to entitle the defendant to a new trial, the only legitimate means of obtaining it was a motion addressed to the sound discretion of the court, and not a bill of exceptions. Motions are more elastic than exceptions; and, as remedies, the two forms must not be indiscriminately employed.

For the reasons given, we think the exceptions must be overruled. And we do not think the verdict can be regarded as so clearly against evidence, or the damages so clearly excessive, as to require us to grant a new trial on either of those grounds. Consequently, the motion must be overruled.

*Motion and exceptions overruled.*