## North Chicago Street Railroad Company v. Ruth E. Shreve.

1. INSTRUCTIONS—*When Justified by the Evidence.*—In a personal injury suit the jury were instructed that if they found from the evidence that the injury was permanent and incurable they should take that fact into consideration in assessing the damages. No expert evidence was offered on this point, and the testimony was not such that an ordinary person not a medical expert could say, with absolute certainty, that the injury to the plaintiff was permanent or incurable; it tended, however, to show a condition from which it would not be unreasonable for men of ordinary information to infer that the injury was permanent. *Held,* that the evidence was sufficient to justify the instruction.

2. PRACTICE—*Improper Remarks of Counsel Should be Objected to.*— Counsel should not be permitted to allow opposing counsel to make improper remarks to the jury without objection, and first call the attention of the court to them on motion for a new trial.

3. APPEALS AND ERRORS—*Excessive Damages as Ground for Re-*

North Chicago Street R. R. Co. v. Shreve.

*versal.*—Where liability is clearly established an excessive verdict caused by improper remarks of counsel furnishes no ground for a reversal, if the excessive damages are remitted.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

"It is the duty of the Circuit Court, in conducting trials by jury, to restrain every effort of the parties to bring before the jury matters which are foreign to the issues to be tried, and especially and scrupulously to exclude all matter when the same has a tendency to excite the prejudice of the jury against the party to the issue." Hennies v. Vogel, 87 Ill. 244.

"A court hearing counsel, under pretense of arguing a case, making statements of matter to the jury not in evidence, nor pertinent, as illustrative of matters in evidence, should stop the counsel and explain to the jury the impropriety of his language, and take such measures as shall be appropriate to prevent a repetition of such misconduct, and for failure of duty in that respect manifestly affecting the result, the judgment should be reversed." Elgin, J. & E. R. R. Co. v. Fletcher, 128 Ill. 627  To the same effect are Waldron v. Waldron, 156 U. S. 361; Jackson v. The People, 18 Ill. App. 508; Pittsburg, C., C. & St. Louis Ry. Co. v. Story, 63 Ill. App. 239; Chicago City R. R. Co. v. Barron, 57 Ill. App. 469; Yoe v. People, 49 Ill. 410; Angelo v. The People, 96 Ill. 209; McDonald v. The People. 126 Ill. 150. Raggio v. The People, 135 Ill. 533; Union Life Ins. Co. v. Cheever, 36 Ohio State, 201; Farman v. Lauman, 73 Ind. 568; People v. Mitchell, 62 Cal. 411; Bullock v. Smith, 15 Ga. 395; Jenkins v. N. C. Ore Co., 65 N. C. 563; Brown v. Swineford, 44 Wis. 291.

"If the trial judge does not interpose, as he properly may, without being called upon during the trial, it should, and doubtless will, always be his duty on a motion for a

new trial, if he believes that any improper element has been worked into the case by unfair and prejudicial appeals to the jury, to award a new trial, if for such prejudicial matter one be asked." Berry v. State, 10 Ga. 511; see also Gould v. Howe, 127 Ill. 251; James v. Dexter, 113 Ill. 654; Martin v. Foulke, 114 Ill. 206; Firemen's Ins. Co. v. Peck, 126 Ill. 493.

When a verdict is so flagrantly excessive as to be only accounted for on the grounds of prejudice, passion or misconception, a remittitur does not remove the prejudice, passion or misconception. Lowenthal v. Streng, 90 Ill. 74.

A defendant ought to have the right to have the verdict of an unprejudiced jury upon his case, and not be compelled to accept in lieu thereof the judgment of the court, and thus be practically denied trial by jury. Chicago & N. W. R. R. Co. v. Cummings, 20 Ill. App. 333

MAHER & GILBERT, attorneys for appellee.

We contend that $5,000 is not an excessive verdict, but even conceding that $5,000 was a high verdict, still the remittitur entered by the plaintiff would cure an error of this character, if there be one. This court has repeatedly held that a remittitur would cure an excessive verdict. Stumer v. Pitchman, 22 Ill. App. 399; Village of Evanston v. Fitzgerald, 37 Ill. App. 86; North Chicago Street Railway v. Lewis, 35 Ill. App. 477. See also Clayton v. Brooks, 31 Ill. App. 62; Albin v. Kinney, 96 Ill. 214; U. R. M. Co. v. Gillem, 100 Ill. 52; Thomas v. Fisher, 71 Ill. 576.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

This was an action to recover for damages sustained by reason of an accident alleged to have happened to appellee.

Appellee testified that she took a car of appellant's at the corner of Washington and Dearborn streets, in the city of Chicago; that she had hardly gotten into the car until the conductor came to collect her fare; that the car went one block to the corner of Dearborn and Randolph streets, when she discovered that it was turning west, whereas she

wished to go north; she therefore signaled the conductor to stop, and the conductor nodded his head and whistled; that the car did stop; that she attempted to get off the car, and stepped her right foot onto the foot-board, and that just as she was going to step on the ground, the car moved forward with a quick jerk and threw her off, her right side striking the pavement of Randolph street. The conductor came to her and asked her if she was hurt and helped her to get up. That she then walked to South Water street, and feeling badly went from there to 149 Washington street, where her husband worked.

Her brother and his wife corroborated her as to the happening of and the circumstances attending the accident.

As the consequence of her injury appellee testified that she had a miscarriage, and she also testified, and there was the evidence of a physician which corroborated her, as to her condition subsequent to the injury she received.

The defendant claimed to have no report or knowledge of the accident, and it introduced no testimony as to it. It did, however, introduce evidence of a rule said to have been in force at the time of the accident, to the effect that conductors were not to collect fares until after the cars had crossed Randolph street.

The jury returned a verdict of $5,000 for the plaintiff. A remittitur of $3,000 was made, and judgment against the defendant was entered for the sum of $2,000.

The court, at the instance of appellee, gave the jury the following instruction:

" The court instructs the jury that if you find the issues for the plaintiff in this case, then the plaintiff is entitled to recover such actual damages as the evidence may show she has sustained as the direct or permanent result of such injury, taking into consideration her pain and suffering so far as the same may appear from the evidence in the case; and if the jury find from the evidence that said injury is permanent and incurable, they should take this into consideration in assessing the plaintiff's damages."

While the testimony as to the injury of the plaintiff was

not such that an ordinary juror, that is, a person not a medical expert, could say with absolute certainty that the injury to the plaintiff was permanent or incurable, and there was no testimony of medical experts that such is the case, it was such as tended to show a condition from which it would not be unreasonable that men with ordinary information as to the experiences of women in matters peculiar to their sex, and the duties and trials of wife and motherhood, should infer that her condition, considering the time it had existed, was permanent. We therefore think that while the evidence was not strong, it was sufficient to justify the instruction.

None of the witnesses testifying to the accident were in any way impeached; and while it is singular that the defendant should have had no report of this accident, yet the evidence was such that the jury could not do otherwise than return a verdict for the plaintiff, and we see no reason for thinking that another jury would do otherwise.

It does not appear that the defendant, appellant, has any more knowledge now concerning the accident than it had at the time of the trial of this case in the court below.

We are of the opinion that if the jury was in any way misled by the instruction complained of, still the damages awarded by the jury can not have been increased by this instruction more than to the amount remitted from the verdict.

Objection is made to the conduct of counsel of appellee during the trial. While we do not approve of all that was said or done, we do not think we ought to reverse this judgment for any such reason. No objection appears from the record to have been called to the attention of the court as to the language of counsel, and no ruling obtained from the court. Marder, Luse & Co. v. Leary, 137 Ill. 322; West Chicago St. R. R. Co. v. Annis, 165 Ill. 475, and cases there cited.

Counsel should not be permitted to allow opposing counsel to make improper arguments to the jury without objection, and first call attention of the court to it on motion for new trial.

We see no reason for thinking that another trial would result in a judgment more favorable to defendant than the present. If the verdict of $5,000 was caused by improper remarks of counsel, the liability, as we think, of appellant being clearly established, and the excessive damages having been remitted, it would be useless to award another trial. We regard it, therefore, as not unjust to appellant or appellee that the judgment of the Circuit Court for $2,000 should be affirmed.