## The Chicago and Erie Railroad Company *et al.*

### *v.*

### John Cleminger.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. Damages—*when damages may be allowed for medical attendance.* To authorize an allowance of damages for medical and surgical aid it is not necessary that the proof should show payment of bills, it being sufficient that plaintiff has incurred a liability for such aid.

2. Trial—*alleged improper remarks of counsel should be objected to.* Assignments of error on alleged improper remarks by counsel in argument to jury cannot be considered on appeal, where no objection was interposed or any ruling of the court obtained.

*C. & E. I. R. R. Co.* v. *Cleminger*, 77 Ill. App. 186, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. Chetlain, Judge, presiding.

WILL H. LYFORD, J. B. MANN, and ALBERT M. CROSS, for appellants.

DELOS P. PHELPS, (F. A. WILLOUGHBY, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment entered in the superior court of Cook county in favor of the appellee in the sum of $21,000, as damages for personal injuries resulting from the negligence of servants of the appellant companies.

But a single instruction was given in behalf of appellee. It is as follows:

"If the jury find the issues for the plaintiff, then the plaintiff is entitled to recover such actual damages as the evidence may show he has sustained as the direct or proximate result of such injury, taking into consideration his loss of time, his pain and suffering, his necessary and reasonable expenses in medical and surgical aid, so far as the same may appear from the evidence in this case; and if the jury find, from the evidence, that such injury is permanent and incurable, they may also take this into consideration in assessing the plaintiff's damages."

It is urged there was no evidence to justify the jury to consider as an element of damages expenses incurred by appellee in securing medical and surgical aid. It appeared from the testimony the appellee received medical treatment from three different physicians. It did not appear whether he had paid any sum to either of them, and, aside from the testimony of one of the physicians that his charges against the appellee for medical and surgical services amounted to about $30 or $36, there was no proof of the amount of the physicians' bills. It was not necessary it should be proven appellee had actually paid the charges of the physicians or of either of them,

or had paid for medical services or medicines. That he had incurred liability to pay for such services was sufficient. The testimony tended to show a liability existed to the extent of $30, and warranted the court in referring, in the instruction, to expenses incurred for medical and surgical aid as an element of damages.

It is next objected the instruction is so framed as to mislead the jury to believe damages might be awarded though not proven by a preponderance of the evidence. The office of the instruction was to advise the jury as to the elements of damages proper for their consideration in the event they should find for the plaintiff. It did not purport to instruct them as to the *quantum* of proof necessary to establish a right of recovery or to sustain an award of damages. Nor were the jury left without directions upon the point. The court further expressly instructed them as follows:

5. "If you find that the plaintiff is entitled to recover damages from the defendants, or either of them, you should only award the plaintiff such damages as will, in your judgment, after a fair and conscientious consideration of all the evidence in the case, justly compensate him for the injuries he has suffered, if any, and will suffer, if any, as the result of the collision between the trains of the Chicago and Eastern Illinois Railroad Company and the Chicago and Erie Railroad Company. And the burden is upon the plaintiff to prove each element of damage claimed by him by the greater weight of the evidence, and such element or elements of damage, if any, as are not proven by the greater weight of the evidence should not be allowed by you."

In view of the clearly expressed directions of the court in instruction No. 5 it is not to be reasonably apprehended the jury could have been misled as to the rule of evidence by which they were to be guided.

The only remaining alleged error is, the court permitted counsel for appellee, in his argument to the jury, to

indulge in certain improper remarks quoted in the brief, which it is asserted were prejudicial to the cause of the appellants. The expressions here complained of were not objected to at the time, and hence, under repeated rulings of this court, cannot be availed of as ground of error in this court. (*Lake Erie and Western Railroad Co.* v. *Middleton*, 142 Ill. 550; *Siebert* v. *People*, 143 id. 571.) We find the address of counsel for appellee preserved in full in the record. The expressions printed in full in the brief of counsel for appellants are preserved on page 964 of the record. It does not appear a ruling of the court as to the propriety thereof was even sought, much less obtained, but counsel for appellee, without interruption, passed to the discussion of other subjects. Later, in the course of his address an objection was noted (page 970 of the record) and a ruling obtained, but counsel was then dwelling upon a topic quite distinct from that to which the remarks set forth in the brief were addressed. The objection referred to was interposed at a time in the course of the address when, as counsel for appellants insist, it was manifest counsel for appellee intended to enter upon the description of a supposed scene at the home of appellee when appellee was brought into the presence of his family after having received the injury in question. That such was the intention of counsel must, to an extent, be supposititious. But conceding the apprehension of counsel for appellants to have been justified, the incident does not demand we should reverse the judgment, for the reason the objection was interposed in order to anticipate and prevent the utterance of improper remarks, and counsel for appellee did not proceed further, but paused until the court ruled he should confine his remarks to matters in proof, and then proceeded to the discussion of other subjects within the range of the proof.

No other alleged errors are presented or assigned as cognizable in this court. The judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*