Decided 12 August, 1901.

## WATSON *v.* SOUTHERN OREGON COMPANY.

[65 Pac. 985.]

</div>

Trial—Improper Remarks of Counsel.

1.   Misconduct or improper remarks of counsel will not be considered on appeal unless connected with some judicial error by the trial court, such as a refusal to correct counsel or to properly instruct the jury concerning the matter.

Trial—Waiver by Failure to Object.

2.   The failure to object to remarks of counsel during a trial is a waiver of objection thereto, just as objections to testimony are considered waived where the point is first urged on a motion for a new trial.

Trial—Reading Irrelevant Law to the Court.

3.   The fact that during a trial counsel read irrelevant or immaterial law decisions to the court in the presence of the jury is not error, in the absence of a showing that counsel acted in bad faith, or that the reading improperly influenced the jury, or affected any substantial right of the opposing party.

39 Or.— 31.

DISCRETION IN GRANTING NEW TRIALS.

4.  Under the practice in Oregon trial courts have a wide discretion in passing on motions for new trials, and may consider everything that occurred during the trial whether objected to or not, so that they may sometimes modify or set aside verdicts for reasons that would not be considered by the appellate court.

From Multnomah : ARTHUR L. FRAZER, Judge.

Action by Edward B. Watson and B. B. Beekman to recover from the Southern Oregon Company $6,000 for services as attorneys for defendant in certain suits.   Defendant admitted the performance of the services, but denied that they were worth more than $500.

Plaintiff called and examined witnesses to prove the value of the services, who stated the value to be as follows :  George H. Williams, $5,000 ;  George H. Durham, $5,000 or $6,000 ;  John M. Gearin, $5,000 ;  J. V. Beach, $5,000 or $6,000 ;  W. W. Thayer, $5,000 ;  Raleigh Stott, $5,000 ;  Richard Williams, $5,000 ;  R. G. Morrow, $6,000 to $8,000 ;  C. J. Schnabel, $5,000.

Defendant's witnesses fixed the value of the same services as follows :  W.W. Cotton, $1,500 ;  L. B. Cox, $1,500 ;  F. V. Holman, $1,000 to $1,500 ;  C. B. Bellinger, $500 to $1,000 ;  J. H. Woodward, $1,000 ;  Zera Snow, $1,500 ;  B. Killin, $1,000 ;  C. A. Dolph, $750 ;  Rufus Mallory, $1,000.

The jury returned a verdict for the full amount asked ; but the trial judge reduced it to $5,000, whereupon the defendant appealed.                                AFFIRMED.

For appellant there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Rufus Mallory.*

For respondent there was a brief over the name of *Watson & Beekman,* with an oral argument by *Mr. Benjamin B. Beekman, in pro. per.,* and *Mr. Robert G. Morrow.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover $6,000 for professional services rendered by the plaintiffs for defendant in three suits brought against it and others by the United States to have certain lists and patents issued to the Coos Bay Wagon Road Company vacated and set aside, and certain deeds from the latter company to defendant declared null and void. The answer admits the employment of plaintiffs, but denies that the services rendered were reasonably worth any greater sum than $500. Upon the trial the value of the property involved in the litigation between the defendant and the United States became an important question. During the cross-examination of a witness for the defendant who had testified upon that subject, the plaintiff Watson offered in evidence a decree of the Circuit Court of the United States for the District of Oregon in a suit by Rotch against the Oregon Southern Improvement Company foreclosing a mortgage on property which he contended was the same as that involved in the suits in which he had appeared as counsel for the defendant. Objection was made to the admission of the decree, whereupon Mr. Mendenhall, attorney for plaintiffs, said, "I want to show that they mortgaged this property for over thirteen hundred thousand dollars, and they got the money on it." The court intimated that the testimony was not competent, whereupon Mr. Watson, in the presence and hearing of the jury, stated that he had in his possession a transcript of such decree, which he then offered in evidence as tending to show the value of the land involved in the suits brought by the United States against the defendant, and in which his firm had appeared as counsel; and that it appeared by the decree that such lands, including some other property, purchased from one Luse, were valued at $2,000,000, and

that the defendant had issued bonds upon the basis of such valuation, and actually received thereon from $1,200,000 to $1,500,000. Objection to the admission in evidence of the judgment roll on the ground that it was incompetent, irrelevant, and immaterial, and not proper cross-examination, was sustained, but no objection was made or exception taken to the statements of counsel as to what they expected to show by the record offered, and no ruling thereon was requested of the trial court. During his argument to the court on questions of law, Mr. Mendenhall cited and offered to read the opinion in the case of *United States* v. *Coos Bay Wagon Road Co.* (C. C.) 89 Fed. 151, whereupon counsel for defendant objected on the ground that there was no question of law before the court to which the matter contained in the opinion had any relevancy. The objection was overruled, and an exception noted. Subsequently the opinion was read in full to the court by Mr. Watson in making his closing argument. The jury returned a verdict in favor of the plaintiffs for $6,000, but the court, on a motion for a new trial, denied the same, on condition that plaintiffs would remit $1,000 of the verdict, which they did, and a judgment was accordingly entered in their favor for $5,000, from which the defendant appeals, assigning as error : (1) The statements of counsel as to what they expected to prove by the judgment roll in the case of Rotch against the Oregon Southern Improvement Company ; (2) the reading by them of the opinion in the case of *United States* v. *Coos Bay Wagon Road Co.* (C. C.) 89 Fed. 151 ; and (3) the refusal of the trial court to set aside the verdict and grant a new trial.

1. It has been the uniform holding of this court, ever since the case of *State* v. *Anderson*, 10 Or. 448, that improper remarks of counsel will not justify a reversal

of the judgment, unless connected with some judicial error on the part of the lower court:   *State* v. *Abrams*, 11 Or. 169 (8 Pac. 327) ;   *State* v. *Hatcher*, 29 Or. 309 (44 Pac. 584) ;   *Boyd* v. *Portland Elec. Co.* 37 Or. 567 (62 Pac. 378, — Am. Elec. Cas. —) ;   *State* v. *McDaniel*, 39 Or. 161 (65 Pac. 520).   No such error is shown by this record.   No objection was made or exception taken to the statements of counsel as to what they expected to prove by the judgment roll offered in evidence, and no ruling thereon was requested of the trial court ; so that the record presents no action of the court in relation to the matter subject to review on appeal.   "As this is an appellate tribunal, constituted to revise and correct the errors committed by the trial court," say the court, in *State* v. *Tamler*, 19 Or. 528 (25 Pac. 71), "it is only when that court has acted, and the act is claimed to be error, and disclosed by the record, that such error becomes the subject of our power and duties."   Improper language or conduct of counsel forms no exception to this rule, but is to be treated as other matters of objection and exception transpiring at the trial.

2.   There may, perhaps, be extreme cases of positive and plainly fraudulent misconduct on the part of counsel, which will justify a reversal of the judgment when duly excepted to, although the trial court may attempt to correct the error :   *Jordon* v. *Wallace*, 67 N. H. 175 (32 Atl. 174) ;   *McHenry Coal Co.* v. *Sneddon*, 98 Ky. 684 (34 S. W. 228) ;   *Galveston, H., etc. Ry. Co.* v. *Cooper*, 70 Tex. 67 (8 S. W. 68) ;   *Waldron* v. *Waldron*, 156 U. S. 361 (15 Sup. Ct. 383).   But, where the conduct of counsel goes without protest, and no objection is made thereto until the losing party moves for a new trial, the error, if any, must be considered as waived, and furnishes no question for consideration on appeal :   *Ross* v. *City of Davenport*, 66

Iowa, 548 (24 N. W. 47); *Riech* v. *Bolch*, 68 Iowa, 526 (27 N. W. 507); *Powers* v. *Mitchell*, 77 Me. 368; *Sherman* v. *M. C. R. R. Co.* 86 Me. 422 (30 Atl. 69); *Skaggs* v. *Given*, 29 Mo. App. 612; *State* v. *Forsythe*, 89 Mo. 667 (1 S. W. 834); *Olson* v. *Gjertsen*, 42 Minn. 407 (44 N. W. 306); *North Chicago St. R. R. Co.* v. *Shreve*, 70 Ill. App. 666; *C. & E. R. R. Co.* v. *Cleminger*, 178 Ill. 536 (53 N. E. 320); *Fredericks* v. *Judah*, 73 Cal. 604 (15 Pac. 305); *St. Louis & S. E. Ry. Co.* v. *Myrtle*, 51 Ind. 566; *Morrison* v. *State*, 76 Ind. 335; *Choen* v. *State*, 85 Ind. 209; *Chandler* v. *Thompson* (C. C.), 30 Fed. 38.   There is nothing in this case to indicate that the statements of counsel were in fact made for the purpose of unduly influencing the jury, or with any improper motives.   But, however that may be, the record presents no error that can be the subject of review by this court.

3.   The opinion in *United States* v. *Coos Bay Wagon Road Co.* (C. C.) 89 Fed. 151, was read by counsel to the court while discussing some proposition of law, and, although it is not apparent, from an inspection of the opinion, how any question discussed therein could become material or important in the trial of this cause, yet it does not appear that counsel were acting in bad faith in citing or reading the opinion, or that it could have improperly influenced the jury, or affected any substantial right of the defendant.   No questions of fact seem to have been involved or statements contained in it pertinent to the facts in controversy in this case.

4.   It is next contended that the court erred in not setting aside the verdict and granting a new trial.   The record shows that in disposing of the motion for a new trial, and as a reason for its ruling, the court stated that it did not think the evidence sufficient to justify a verdict

for more than $5,000, although there was some evidence
that $6,000 was a reasonable fee, and it could not account
for the extra $1,000 unless the jury had been influenced
or prejudiced against the defendant by reason of counsel's
statements that defendant had issued bonds upon the
property in question to the amount of $2,000,000, and
had actually sold and received the cash for such bonds to
the amount of $1,200,000 to $1,500,000.   It is admitted
that the overruling of a motion for a new trial does
not ordinarily present a question for review on appeal.
Defendant contends, however, that the trial court prac-
tically found that the statement in reference to the issu-
ance of the bonds was prejudicial error, and it therefore
had no authority to attempt to correct such error by
remitting a part of the verdict, but, instead, should have
granted a new trial.   It may be conceded that, where
legal error is made to appear, the court can not, on a
motion for a new trial, obviate the effect thereof by
reducing the amount of the verdict, unless the injury
resulting therefrom, as shown by the record, can be seg-
regated from such amount; but the fact that the court
may have considered such statements prejudicial to the
defendant, and sufficient to justify it in granting a new
trial unless plaintiffs would remit a part of the verdict,
does not make them assignable as error on appeal.   The
court may have thought that the jury were influenced
by the statements of counsel; and, while there was no
appealable error, because no objection was made thereto,
yet that it ought to require a reduction of the verdict on
account thereof, or direct a new trial.   Under our system
the trial courts are invested with very large discretion in
granting or refusing motions for new trials, and are not
bound to confine their decisions to errors occurring on
the trial.   Thus, if improper evidence should be admitted
without objection, it might afford a sufficient reason for

granting a motion for a new trial, or for reducing the amount awarded by the verdict; but it certainly could not be made the basis of an assignment of error on appeal. This court is organized to correct errors of the trial court, and, before it can act, some legal error must be made to appear: *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, 33 Pac. 537). As said by Mr. Chief Justice Waldo in *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309): "It is not error simply, but error legally excepted to, that constitutes · ground for reversal." This doctrine has so often been repeated and enforced by this court that further discussion of the question is unnecessary. It is manifest that the reasons given by the trial court for requiring plaintiffs to submit to a reduction of the verdict or a new trial could not make the statements of counsel assignable as error on appeal, unless the question was preserved by an objection or exception to some previous ruling. We are of the opinion, therefore, that no reversible error appears in the record, and the judgment of the court below must be affirmed.        Affirmed.

Decided 15 August, 1901.