HOUK *v.* HARTER ET AL.

[No. 9,296. Filed May 17, 1917. Rehearing denied October 23, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Objections to Evidence.*—The correctness of rulings on objections to the admission of evidence cannot be determined in the absence of the evidence from the record. p. 374.

2. APPEAL.—*Presenting Questions for Review.—Misconduct of Counsel. — Presumptions.* — Alleged misconduct of counsel in making statements outside the evidence in the argument to the jury is not available on appeal in the absence of the evidence from the record, and in such case it will be presumed in support of the trial court's ruling that the argument was confined to the evidence, and that appellant's objection was properly overruled, especially where the special bill of exceptions fails to disclose the nature of such objection. p. 374.

3. APPEAL.—*Questions Reviewable.—Objections to Instructions. —Record.*—No question is presented for review as to alleged error in the giving and refusal of instructions where the instructions and any exceptions thereto are not made a part of the record either by a bill of exceptions or by order of the court, and the record does not show that appellant has complied with either §559 Burns 1914, §534 R. S. 1881, providing for the submission of special instructions before argument, or §561 Burns 1914, Acts 1907 p. 652, relating to the practice in giving instructions and saving exceptions to the giving and refusal thereof. p. 375.

From Montgomery Circuit Court; *M. W. Bruner,* Special Judge.

Action by Wilbur G. Houk against Hugh M. Harter and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Wilbur G. Houk,* for appellant.

*Albert D. Thomas, Andrew N. Foley* and *Nina Lindley,* for appellees.

IBACH, P. J.—This is an attempted appeal from a judgment against appellant in a suit brought by him against appellees to recover attorney fees. The error assigned for reversal arises in the overruling of his motion for a new trial.

It is contended in the first cause of the motion that there was error in permitting appellee's attorney to ask plaintiff, over his objection, while being examined as a witness, certain questions concerning his religious belief. We are precluded from determining this question for the reason that the evidence is not before us. *Morrison* v. *State* (1881), 76 Ind. 335, 337-339; *Hitt* v. *Carr* (1916), 62 Ind. App. 80, 109 N. E. 456, 461.

Appellant further contends that there was error in permitting appellee's attorney to make certain statements in his argument to the jury. Since the evidence is not before us, we are unable to say that such argument was outside the record. But in such instances, to support the court's ruling, we will presume that the argument was confined to the evidence, and. that no error was committed in overruling appellant's objection, and this is particularly true where the special bill of exceptions, as in this case, fails to disclose the nature of the objection in the court below.

The next cause of the motion for a new trial involves the action of the trial court in giving and refusing to

give certain instructions. The instructions and any exception thereto, if any was taken in the court below, are not made a part of the record by a bill of exceptions or by order of court, and the record does not show that appellant complied with the provisions of either §559 Burns 1914, §534 R. S. 1881, or §561 Burns 1914, Acts 1907 p. 652; therefore the instructions and the rulings thereon are not properly identified and present no question.

We are forced to the conclusion that no error is presented by the appeal.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 56.