Submitted on briefs June 27, affirmed September 26, 1922.

## NIBLEY *v.* DELAHUNT.

(209 Pac. 473.)

**Appeal and Error—Only Question in Action at Law Tried by Court on Review of Evidence is Whether There is Any Evidence to Sustain Findings.**

1. In an action at law tried by the court without a jury, the court on appeal is not concerned with the mere weight of the testimony, but is limited to determining whether there is any evidence to sustain the findings, which, in this respect, are tantamount to a jury verdict.

**Appeal and Error—Court must have had Opportunity to Rule, and Exception to Ruling must have been Made and Preserved in Bill of Exceptions.**

2. Before the Supreme Court can revise and correct errors of the Circuit Court, the Circuit Court must have had an opportunity to rule upon the point suggested as error and exception to the ruling must have been made and preserved in a bill of exceptions, unless lack of jurisdiction or insufficiency of the facts pleaded is involved.

**Principal and Agent—Agent cannot Speculate on Principal's Property.**

3. An agent cannot legitimately speculate on his principal's property, but must account to the principal for the entire proceeds.

From Multnomah: GEORGE G. BINGHAM, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John Hickson* and *Mr. John R. Latourette.*

For respondent there was a brief over the name of *Mr. W. B. Shively.*

BURNETT, C. J.—This action is in the nature of one for money had and received by the defendant for the use of the plaintiff. The latter, in substance, avers that she employed the defendant as her agent to sell for her certain real property, in pursuance whereof he afterwards reported to her that he had

secured a purchaser at the price of $5,500, where-
upon she conveyed the property to the proposed
purchaser and the defendant collected from the latter
$5,800, accounted to the plaintiff for $5,500, and held
the remaining $300, which he has not paid to her
although he stipulated in the beginning that he would
accept as his commission a lot of wood in the base-
ment of the house on the premises valued at $50.

The purport of the answer is a denial of the com-
plaint and a statement that the defendant bought
the property from the plaintiff for his own account
for $5,500 and afterwards sold it for a profit of
$300, which legitimately is his own.

The reply traverses the new matter in the answer.

A trial by the court without a jury resulted in
findings and judgment for the plaintiff for $250,
the balance remaining after deducting $50, the value
of the wood, from the $300 retained from the actual
selling price by the defendant. An appeal is taken
by the defendant.

1. In this action at law we are not concerned on
this appeal with the mere weight of the testimony.
Our examination of that feature of the record is
limited to the determination of whether or not there
is any evidence to sustain the findings of fact an-
nounced by the trial court. They are tantamount
to a jury verdict in that respect and must be treated
accordingly: *Warren* v. *Dinwoodie,* 88 Or. 342 (171
Pac. 1175), and precedents there cited by Mr. Justice
BEAN, delivering judgment.

There is in the record ample oral testimony to the
effect that the defendant was to procure a purchaser
for the property and receive for his compensation
the wood mentioned. That testimony was admitted
without objection in this instance, as the record dis-

closes, and in the absence of objection urged at the trial is sufficient to sustain the pivotal averment of the complaint to the effect that the plaintiff employed the defendant as her agent to sell the property.

2. The record shows no exception to any ruling of the court in any respect. Ever since the decision of *Kearney* v. *Snodgrass,* 12 Or. 311, the rule has been that "it is not error, simply, but error legally excepted to, that constitutes ground for reversal." The doctrine is followed in *State* v. *Tamler,* 19 Or. 528; *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031); *Watson* v. *Southern Oregon Co.,* 39 Or. 481 (65 Pac. 985); *State* v. *Megorden,* 49 Or. 259 (88 Pac. 306); *Anderson* v. *Aupperle,* 51 Or. 556 (95 Pac. 330); *State* v. *McAvoy,* 57 Or. 1 (109 Pac. 763); *Olson* v. *Saxton,* 86 Or. 670 (169 Pac. 119). According to the record, the very first time we find any challenge to the action of the trial court in any respect is in the assignment of error in this court. The rule is fundamental that this is a court of which the function in appeals in law actions is to revise and correct the errors of the Circuit Court; but before this can be done, the Circuit Court must first have had the opportunity to rule upon the point suggested as error, and objection to the ruling must have been made there and preserved in a bill of exceptions, before we can overturn the decision in question, unless, of course, lack of jurisdiction or insufficiency of pleading in statement of facts is involved. None of the assignments of error before us was even suggested to the trial court, and under these circumstances we can afford the defendant no relief, on this appeal.

The plaintiff affirms that the defendant was her agent for the sale of her realty. He denies this and on the issues thus formed the verdict was for the plaintiff without any objection to any testimony.

3. It is well nigh axiomatic that an agent cannot legitimately speculate on his principal's property, but must account to the latter for the entire proceeds of such property. Indeed, this seems to be conceded by the defendant in principle.

The rest follows as a logical sequence embodied in the judgment which is affirmed.     AFFIRMED.

---

Motion to dismiss appeal filed January 26, and motion of appellant to amend notice filed February 3, both motions overruled March 15, argued on the merits June 29, affirmed September 26, 1922.