JOHN PAGE et al., Respondents, *v.* HENRY FINLEY et al., Appellants.

Impeaching Witness—General Reputation.—The regular mode of examining into the general reputation is to inquire of the witness first whether he knew the *general* reputation of the person in question among his neighbors, and if his answer is in the affirmative, then he may be asked what that reputation is.

Instruction—Matters not Pertinent.—The mere omission to instruct upon matters pertinent to the case is not error, without the attention of the court is called to the matter.

Appeal from Polk County. The facts are stated in the opinion.

*Knight & Lord,* for appellants.

*Ben. Hayden, and Wm. H. Holmes,* for respondents.

By the Court, Prim, J.:

This is an appeal from a judgment in an action for damages, for the malicious utterance of defamatory words. The complaint in brief alleges that on the sixth and seventh days of June, 1878, in the county of Polk and state of Oregon, the appellant, Elizabeth Finley, maliciously and falsely accused the respondent, Eva Page, of the crime of adultery, committed with one W. R. Ross and one Sel Finley. The answer denies the allegations of the complaint; and in their separate answer, the appellants justify by alleging that the appellant, Elizabeth Finley, in June, 1878, in the county of Polk and state of Oregon, caught the said Eva Page and the said Ross in the act of adultery; and in mitigation of damages allege the lewd acts and unchaste conduct of the said Eva Page at different times with the said Sel Finley and other persons; and further allege that the words were spoken in their own house, and nowhere else, in a conversation addressed to the said Elizabeth Finley by the said John Page and the said Ross, concerning the chastity of the said Eva Page, in the presence and hearing only of the parties to this action and the said Ross, and were spoken with no intention to injure or defame the said Eva Page.

The allegations of the separate answer were put in issue by stipulation of the parties without replication.

The bill of exceptions shows that at the trial the defendants introduced the testimony of several witness tending to prove that the plaintiff, Eva Page, was a lewd and unchaste woman. After the defendants had rested their case, the plaintiffs then called the following witnesses for the purpose of proving that the general reputation of the plaintiff, Eva Page, for chastity, was good.

Mr. Stevens, who testified that he knew the plaintiff, Eva Page, intimately, and had so known her since 1875, but that she had not lived in his immediate neighborhood since that year. The counsel for the plaintiffs then asked the witness the following question: "What is her reputation for chastity in your neighborhood?" To that question the counsel for the defendants objected, for the reason it had not been shown by the previous testimony of the witness that he knew what her *general* reputation for chastity was, and was therefore incompetent to testify on that subject. The court overruled the objection, and the defendants, by their counsel, duly excepted, and the exception was allowed by the court.

The same interrogatory was put to several other witnesses, to which they replied to the same effect. Exceptions were then and there duly taken and allowed by the court. The admission of the testimony of these witnesses is assigned as error, for the reason that they had not been asked, nor had they testified that they *knew* what the *general* reputation of the person in question, for chastity, was. This assignment we think is well taken. While it has been held in some cases that the preliminary questions as to the knowledge of the reputation need not be put, we think the point has been settled the other way by the later and better authorities. Mr. Greenleaf says: "The regular mode of examining into the general reputation is to inquire of the witness whether he *knows* the *general* reputation of the person in question among his neighbors, and what that reputation is." (1 Greenleaf on Evidence, sec. 461.) Thus it will be seen that the question excepted to is objectionable in two particulars:

1. The witnesses were asked what the reputation of the party, for chastity, was, without first being asked whether they knew what that reputation was.   2. They were asked as to her reputation instead of her *general* reputation among her neighbors.

The next alleged error is as to the ninth instruction upon the question of damages.   It is claimed that the court erred in failing to give to the jury any definite rule as to the measure of damages.   If appellants desired special instructions upon that subject they should have presented such instructions as they desired with a request that they be submitted to the consideration of the jury.   Then a refusal to instruct as requested could have been assigned as error. This assignment we think is not well taken.

The next assignment of error complained of is as to the instructions given at the request of the respondents, as follows: " The character of evidence to prove the justification must be such as would warrant them (the jury) in convicting of the crime charged."   This instruction refers to the quality and not to the quantity or degree of evidence necessary to prove the justification, and is therefore not objectionable.   It would have been better perhaps to have used language more definite in its meaning.

The court having erred in admitting the witnesses to testify as to reputation as alleged in the first assignment, the judgment should be reversed, and the case remanded to the court below for a new trial.