[Argued June 12, 1893; decided June 27, 1893.]

GIACHETTA v. MARQUAM.

[S. C. 33 Pac. Rep. 537.]

Multnomah County: ERASMUS D. SHATTUCK, Judge.

*U. S. G. Marquam,* for Appellant.

*John Ditchburn,* for Respondent.

PER CURIAM.—This was an action by Fortunatio Giachetta against Ulysses Simpson Grant Marquam to recover money. The complaint charges that the defendant was employed by the plaintiff as an attorney-at-law to conduct a certain action for him, and that it was agreed that defendant should have as compensation for his services one third of the amount recovered, which was the sum of seven hundred and thirty-eight dollars and thirty-three cents; that defendant refused to pay plaintiff the balance due him, amounting to the sum of four hundred and seventeen dollars and twenty-two cents, after deducting the sum of seventy-five dollars paid on behalf of plaintiff to Dr. Boies for medical treatment. The defendant by his answer admits the agreement, and that the sum of seven hundred and thirty-eight dollars and thirty-three cents was received in said action, but sets up as a defense a settlement with one Albert B. Ferrara by paying him three hundred and twenty-three dollars and sixty cents in full of all money due plaintiff, claiming that said Ferrara was the authorized agent and attorney of plaintiff. In his reply plaintiff denies that Albert B. Ferrara was his authorized agent or attorney, also any knowledge of the alleged payments. A trial was regularly had, and the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of four hundred and seventeen dollars and twenty cents. It thus appears that the main

question in the case was one of fact, which was for the jury to determine. When the case was called in this court the appellant had not prepared his brief, and, although he was allowed five days in which to file one, he failed so to do. The entire instructions given by the court are in the record, and, taken as a whole, we think they correctly apply the law to the facts. We are unable from the record before us to discover any error substantially affecting the rights of appellant, and the judgment must be AFFIRMED.

[Argued June 1; decided June 27; rehearing denied July 19, 1893.]