Argued 25 November ; decided 22 December, 1902.

## CROSSEN *v.* GRANDY.

[70 Pac. 906.]

PLEADING—EFFECT OF EVIDENT CLERICAL ERROR.

1. Pleadings must be construed reasonably with a view to justice, and where a clerical error has been made, which has not misled the opposite party, it should not be allowed to defeat the evident intent of the pleader.

PRACTICE—DEMURRER OR MOTION TO STRIKE.

2. Where a pleading contains matter that may be material, joined with clearly immaterial or incompetent matter, the latter should be segregated by a motion to strike out. A demurrer is not the proper means of correcting such a pleading.

EVIDENCE—DAMS—OVERFLOWING LAND.

3. Evidence of acts by others than a party in court, offered to show that the results claimed did not result from the acts complained of, must be similar in nature and extent and performed under similar conditions to those on which the action is based ; thus, in an action for overflowing land during certain years by means of a dam, evidence that other parties maintained a dam at the same place during prior years, and that no damage resulted, but without showing that such dam was of the same kind or height as that maintained by defendant, or under similar conditions of weather or flood, is not competent.

TRIAL—INSTRUCTIONS—IMMATERIAL ERROR.

4. Only material errors are ground for reversal ; so, an instruction on a point that the jury did not consider, even if erroneous, is harmless.

INSTRUCTIONS THAT ASSUME CONTROVERTED FACTS.

5. While it is true, generally speaking, that a judge should not assume a disputed point as proven in his instructions to the jury, yet, where the point has been admitted, or when the evidence is clear, the fact may be assumed to be as the evidence indicates, and instructions framed accordingly.

PRESUMPTION FROM EVIDENCE NOT BROUGHT UP.

6. Where not all the evidence is brought before the appellate court, it will be presumed that whatever facts were by the instructions assumed to have been proven, either were admitted or established by uncontroverted testimony.

SUBSTANTIAL EFFECT OF INSTRUCTIONS.

7. Where the substance of requested instructions is given, the refusal to give the instructions in detail is not reversible error.

LIMIT OF CROSS-EXAMINATION.

8. It is proper to prevent a cross-examination from extending to issues irrelevant under the pleadings; as, for example, in an action for damages resulting from the overflow of plaintiff's land, the refusal to permit his cross-examination concerning the manner in which he irrigated his land, or whether he promised his tenant to protect him from water by a levee, was not error.

NECESSITY OF EXCEPTIONS AT THE TRIAL.

9. An exception to the ruling of the trial court in giving or refusing instructions is necessary to secure a review of such ruling on appeal.

From Union: ROBERT EAKIN, Judge.

This action was commenced May 20, 1901, by M. S. Crossen against William Grandy to recover damages for alleged injuries to real property occasioned by backwater. The complaint alleges "that in the year 1897 the plaintiff, together with other lands, leased from Jacob Newman, the owner in fee of the S. E. ¼ of the S. E. ¼ of section 26, township 3 south of range 38 E., W. M., for the term of five years, which said lease by its terms included the five years commencing with the year 1897, up to and including the year 1901;" that, under and by virtue of the terms of such lease, plaintiff has ever since occupied and made an effort to use "said land for raising grain;" that it was valuable for that purpose, and the use thereof reasonably worth the sum of $5 an acre per year; that Ladd Creek, a natural stream of water, flows near by and adjacent thereto, and that, at all the times alleged in the complaint, defendant was and is in possession and the reputed owner of lands on Ladd Creek, below "the 34 acres of land hereinbefore described, and leased by plaintiff as alleged;" that in 1898 the defendant constructed a dam across such stream on his land, which he has ever since maintained, thereby during the spring of the years 1898, 1899, 1900, and 1901 causing the waters thereof to flow back upon, overflow, and percolate "the said 34 acres of land leased and possessed by plaintiff as hereinbefore alleged," rendering it unfit for cultivation and valueless to the plaintiff; "that at the time this plaintiff leased such land, in 1897, as hereinbefore alleged," thirty-four of the forty acres

described were overgrown with weeds and worthless grass and unfit for cultivation; that plaintiff was compelled to, and did break up, plow, and prepare the same for cultivation, at an expense of $3 an acre; that the reasonable yearly rental value of the land was $5 an acre; that, by reason of the overflow caused by defendant's dam, the plaintiff was unable to profitably use the same during the year 1898, and was therefore damaged in the sum of $102, the cost of plowing, and $170 as rental value, amounting in the aggregate to $272; that in 1899 plaintiff leased the land to one Porter, but on account of the defendant's dam it was again inundated and overflowed, and he was compelled to, and did, pay Porter $50 on account thereof, and was damaged in that amount; that in 1900 he again prepared the ground for cultivation, at a cost of $51, but was unable to use it on account of the overflow caused by defendant's dam, and was thereby damaged in the sum of $5 an acre, the reasonable rental value of the property, in addition to the cost of preparing it for cultivation, amounting in the aggregate to $221; that in the spring of 1901 he again plowed and prepared the same for cultivation, at a cost of $51, but was prevented from using it by the overflow, and was damaged for that year in the sum of $221.  A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled, and defendant answered, denying all the material allegations of the complaint.  Upon the issues joined, a trial was had, resulting in a verdict and judgment in favor of the plaintiff for $100, and defendant appeals.        AFFIRMED.

For appellant there was a brief over the name of *Ramsey & Oliver,* with an oral argument by *Mr. Turner Oliver.*

For respondent there was a brief over the names of *Eugene Ashwill* and *L. A. Esteb,* with an oral argument by *Mr. Woodson T. Slater.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. It is first insisted that the demurrer to the complaint should have been sustained, because the land alleged to have

been damaged by the acts of the defendant is not sufficiently described. The allegation is "that in the year 1897 the plaintiff, together with other lands, leased from Jacob Newman, the owner in fee of the S. E. $\frac{1}{4}$" etc., "for the term of five years." etc.; and it is argued that this is simply an averment that Newman was the owner in fee of the land described, and not that plaintiff leased it from him. But when this allegation is construed in reference to and in connection with the other averments of the complaint, it is apparent that the use of the preposition "of" in the description was a mere clerical error. The property is repeatedly referred to in the complaint as "said land," "the land hereinbefore described and leased by plaintiff," "the land leased and possessed by plaintiff as hereinbefore alleged," and "land leased in 1897, as hereinbefore alleged;" thus clearly indicating an intention on the part of the pleader to aver that plaintiff was in possession of the forty acres particularly described, as lessee thereof. The purport of the entire complaint is that by virtue of a lease for the term of five years from Newman, the owner in fee of the land described, plaintiff occupied and made an effort to use and cultivate it for raising grain during the years 1898, 1899, 1900, and 1901, but was prevented from successfully doing so by the water of Ladd Creek flowing back upon and overflowing the same because of a dam erected and maintained by the defendant. This is a sufficient statement of a cause of action, especially after answer and judgment.

2. Objection is also made to the allegation of damages for the year 1901, a part of which must necessarily have accrued after the commencement of the suit, and to the item of damages for plowing and preparing the ground for cultivation in 1898. But neither of these averments rendered the complaint vulnerable to a general demurrer, and besides there is nothing in the record indicating that either was considered as a factor in estimating the damages or arriving at the verdict. If the allegations were improper, the remedy was by motion to strike out, and not by demurrer.

3. Williamson, who farmed the defendant's land in the year

1892, and Cotner, who farmed it in 1893 and 1894, were called as witnesses for the defendant, who offered to show by them that they each maintained a dam in and across the slough or stream on defendant's land at the same place where the dam complained of by the plaintiff is situated, and that the dams so maintained by them did not cause the water to flow back and upon the land now occupied by the plaintiff. The refusal of the court to permit this testimony is assigned as error. The offer to prove does not show that the dams maintained by Williamson and Cotner were of the same kind or height as the one complained of, nor that they were in the stream at flood time. It therefore did not appear that the general conditions were the same as in the case at bar; hence there was no error in refusing to admit the testimony.

4. An assignment of error is also predicated on an instruction to the jury that if defendant obstructed the channel of the stream on his land, as a result of which the water backed up and on the plaintiff's land, he would be liable for at least nominal damages, whether actual damages resulted or not. The contention is that the defendant had a right to construct and maintain a dam on his own land, and that, if by reason thereof plaintiff was damaged by backwater, the injury was consequential and indirect, and no recovery could be had without proof of actual damages. It is unnecessary to inquire whether this is a correct view of the law, because the verdict was for actual damages, and the instruction in reference to nominal damages, if erroneous, was harmless.

5. It is next insisted that the court erred in giving instruction number two, to the effect that if the water was backed by defendant's dam onto the land of plaintiff, and he was thereby prevented from preparing it for or sowing it to crops, or, when so sown, such crops were destroyed or injured on account thereof, plaintiff would be entitled to recover the actual damages suffered by him, because, as it is argued, it assumes that plaintiff had and was in possession of the land in question, and that the cropping thereof would have been profitable, both of which questions were issues under the pleadings. It is error

for a court, in instructing a jury, to assume as proven a fact in issue and controverted: *State* v. *Bowker,* 26 Or. 309 (38 Pac. 124) ; *State* v. *Hatcher,* 29 Or. 309 (44 Pac. 584). But where the uncontradicted evidence is clear and convincing, or where the fact is admitted, the court may properly assume that it is true, and frame an instruction accordingly: *State* v. *Morey,* 25 Or. 241 (35 Pac. 655, 36 Pac. 573) ; 11 Enc. Pl. & Pr. 131.

6. And where the evidence is not all in the record, it will be presumed on appeal that the facts assumed by the court in its instructions were either admitted on the trial by the parties, or established by uncontradicted evidence: 11 Enc. Pl. & Pr. 136; *Drinkout* v. *Eagle Mach. Works,* 90 Ind. 423. The transcript in this case does not purport to contain a complete record of the trial, or of all the evidence given therein; and therefore, under the rule referred to, the court will presume that the instructions were based on facts admitted or conclusively proved.

7. The instructions requested by defendant, to the effect that the owner of a dam may swell the water in the channel of a stream in its natural state to his neighbor's line; that, in order for plaintiff to recover, he must show that the water actually flowed back upon his land through the wrongful act of the defendant; and that, if the land was injured or damaged by water from the south or southwest, defendant would not be liable therefor,—were given in substance by the court in the following instruction: "But the burden of proof is on the plaintiff to show that the dam of defendant did back the water onto and over the land of plaintiff, and was the cause of the damages of which he complains, before he is entitled to recover any actual damages. And if the loss of the use of the land was occasioned by water from any other source, then you must find for defendant."

8. There was no error in refusing to permit the cross-examination of the plaintiff concerning the manner in which he irrigated his land, or whether he promised his lessee, Porter, in 1899, that he would protect the land from water coming from

the south by a levee. These were matters outside of the issues, and not relevant to any proper inquiry at the trial.

9. Instructions numbers three, four, and five, as given, are referred to in the brief, and discussed at some considerable length, but the bill of exceptions does not show that the giving of any of them was excepted to; hence they present no questions for consideration on this appeal. The judgment of the court below will be affirmed.                      AFFIRMED.