Decided 4 December, 1905.

## STATE *v.* SMITH.

83 Pac. 865.

47   485
47   603n,

TRIAL — CHANGE OF VENUE — DISCRETION.

1. Where affidavits on an application for a change of venue on the ground of local prejudice are conflicting, and it appears that a jury was selected without unusual difficulty, it cannot be said that the court abused its discretion in denying the motion.

PERJURY — EVIDENCE OF KNOWLEDGE OF FALSITY OF TESTIMONY.

2. Where, in an action for injuries alleged to have been sustained on a defective city sidewalk, accused testified that the plaintiff fell into a hole in the sidewalk at night, and fractured his kneecap, evidence that about the same time such injury was alleged to have occurred the plaintiff in such action and accused were in two other cities, and claimed that the same injury occurred on their defective streets, until a physician who was called stated that the injury was of long standing, when the plaintiff admitted the same in accused's presence, was admissible, as showing accused's knowledge of the falsity of his evidence.

PERJURY — SHOWING KNOWLEDGE OF FALSITY.

3. In a prosecution for perjury, it is incumbent on the State to show, not only that the accused made the alleged false statements, but that he knew them to be false, or that he stated them under 'such circumstances that knowledge of the falsity would be imputed to him.

CURING ERROR BY SUBSEQUENT ADMISSION.

4. Error in the admission of testimony is cured by a subsequent admission of the truth of the same matter by the party against whom it was offered.

TRIAL — EXTENT OF DUTY TO INSTRUCT AS TO THE LAW.

5. Under Section 139, B. & C. Comp., requiring a trial judge to state to the jury all matters of law that he may deem necessary for their information in reaching a verdict, a judge need not, in the absence of a special request, instruct on collateral matters, as, with reference to evidence of character.

TIME FOR REQUESTING INSTRUCTIONS.

6. Instructions particularly desired should be seasonably presented for the consideration of the court, and the limit of time for so doing as to matters then known is the time of the retiring of the jury for deliberation.

TRIAL — REFUSING INSTRUCTIONS ALREADY COVERED.

7. It is not error to decline to give a requested instruction, even if appropriate, where the same rule has already been announced in another paragraph.

From Clatsop: THOMAS A. McBRIDE, Judge.

For appellant there was a brief over the names of *William J. Donovan* and *Noland & Smith,* with an oral argument by *Mr. George Noland* and *Mr. Donovan.*

For the State there was a brief over the names of *Harrison Allen,* District Attorney, and *A. M. Smith,* with an oral argument by *Mr. Allen.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant was convicted of the crime of perjury for testifying falsely while a witness for the plaintiff in an action brought by one Charles R. Lane, under the assumed name of John L. Bock, against the City of Astoria, to recover damages for an injury alleged to have been received by him on account of a defective street. The case for the prosecution tended to show that the defendant and Lane were friends and acquaintances residing in Contra Costa County, California; that Lane was and had been lame for many years from a fractured kneecap which had not united; that in the summer of 1900 he and the defendant came north, visiting Seattle, Portland and Astoria; that while in Astoria Lane claimed to have stepped or fallen through a hole in the street, fracturing his kneecap, and subsequently, in February, 1902, under the name of John L. Bock, sued the city to recover damages therefor. The defendant was a witness for Lane in such action, and testified on the trial thereof that his name was George R. Rogers, and that the true name of the plaintiff was John L. Bock; that on the 21st of August, 1900, while he and the plaintiff and one Charles Smith were walking along

Duane Street, plaintiff fell or slipped into a hole in the planking of the street, which he could not see on account of the darkness, and sustained an injury to his kneecap and leg; that Smith and the witness picked him up and carried him to his lodgings and called a physician, who put the leg up in a plaster cast; that he was taken to Portland the next day and from there to Oakland, California; that while in Portland a physician was called and readjusted the bandages on the leg; that after he reached Oakland he was in bed for about three months with his leg done up in plaster of paris; that the leg was seen by the witness several times; that since the plaster cast was taken off Lane had not been able to do anything on account of the injury. The State was also permitted to prove by a witness Harmon that, when the defendant and Lane were in Seattle, Lane, under the assumed name of Meyers, pretended to have received an injury to his knee through a defect in the street, and he and the defendant made a claim against the city for damages on account thereof and employed an attorney to prosecute an action therefor, and that while in Portland, about the same time the accident was alleged to have occurred in Astoria, Doctor Rockey was summoned by defendant to attend Lane, who pretended to be suffering greatly from an injury to his knee which he and the defendant said was received on one of the streets of Portland. The doctor, however, upon an examination, readily discovered that the injury was of long standing, and Lane so admitted to him in the presence of the defendant. The record contains several assignments of error which will be noticed in their order.

1. The motion for change of venue was addressed to the sound discretion of the trial court. It was based on the affidavit of the defendant's counsel, showing, or tending to show, that considerable prejudice existed against the defendant in the City of Astoria, and that there had been

much comment on the case in the local papers. The counter-affidavits on behalf of the State, however, were to the effect that, while the case had been frequently discussed by the public and in the newspapers, no substantial prejuice existed against the defendant and he could, in the opinion of the affiants, secure a fair and impartial trial in the county. After the motion was overruled the trial proceeded, and there seems to have been no difficulty in securing a jury. The ruling of the court in denying the motion for change of venue will, therefore, not be disturbed: *State* v. *Pomeroy*, 30 Or. 17 (46 Pac. 797); *State* v. *Humphreys*, 43 Or. 44 (70 Pac. 824); *State* v. *Armstrong*, 43 Or. 207 (73 Pac. 1022).

2. Assignments of error are predicated upon the overruling of defendant's objections to the evidence of Mr. Harmon and Dr. Rockey, concerning the circumstances and actions of the defendant and Lane while in Seattle and Portland, and Lane's condition and defendant's knowledge thereof. The objection urged to this testimony is that it tended to prove the commission by the defendant of crimes other than the one charged in the indictment. But it is not open to the objection suggested. The evidence was offered and admitted as tending to show that the testimony given by the defendant on the trial of the action of *Bock* v. *Astoria* was not only false, but was known to him at the time to be false.

3. Perjury consists in the willful giving, under oath or affirmation, of false testimony, material to the issue or point of inquiry, before a court or tribunal having legal authority to inquire into the cause or matter under investigation, and in a prosecution therefor it is incumbent on the State to show that the accused made the alleged false statements, knowing them to be false, or under circumstances from which such knowledge may be imputed to him. In other words, that the oath was willfully and cor-

ruptly false: Hughes, Crim. Proced. § 1582; 22 Am. & Eng. Enc. Law (2 ed.), 689. For this purpose the evidence objected to was clearly competent. It tended to show that defendant knew the actual condition of Lane's knee, and that the injury was not caused by the accident alleged to have occurred at Astoria, and his testimony to that effect was knowingly false.

4. While the defendant was in jail awaiting trial the sheriff took from him a letter signed with his initials, "J. S. S.," and which, on its face, shows that it had reference to the criminal charge then pending against him, and advises the person for whom it was intended, but not named therein, to "get out of the way" so he could not be found or apprehended by the prosecution. The letter was admitted in evidence and read to the jury without proof that it was written by the defendant, and it is insisted that this was error. Whether the letter was in defendant's handwriting or not, it was in his possession, had reference to the criminal charge then pending against him, indicated a guilty knowledge, and, as he is presumed to have known its contents, it was probably competent without proof of the handwriting to go to the jury along with the other evidence in the case, for whatever it was worth: *Lovelance* v. *State*, 12 Lea, 721. But, however that may be, the error, if any, was cured by the subsequent admission of the defendant while on the stand, as we understand his testimony, that the letter was in fact written by him: *Robinson* v. *Nevada Bank*, 81 Cal. 106 (22 Pac. 478); *People* v. *Goodwin*, 132 Cal. 368 (64 Pac. 561).

5. The defendant gave some evidence of his previous good character. In its charge to the jury the court made no reference to the question of character, and no exception was taken to its action in that regard, nor was it previously requested to instruct on that phase of the case. After the jury had been deliberating on their verdict for a time they

came into court for further instructions upon another question, and while there, defendant's counsel called attention to the failure to instruct as to the effect of previous good character, and requested an instruction upon that subject. The court refused to give the instruction as asked, or any instruction on that point, because not presented or requested until after the jury had retired for deliberation, in violation of a rule of court that requests for instructions should be submitted before the argument of a case is begun. In charging the jury, the court is required by statute "to state to them all matters of law which it thinks necessary for their information in giving their verdict": B. & C. Comp. § 139. And, in doing so, it may be its duty to give general instructions covering the law of the case, but it is not thereby made its duty to instruct the jury on its own motion on all collateral matters.

6. If counsel desires instructions on any particular point, he must so request at a seasonable time, and he cannot sit by while the jury is being charged, and then complain because some particular instruction was not given or point covered : *Page* v. *Finley*, 8 Or. 45; *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309); *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, 33 Pac. 537); *State* v. *Magers*, 36 Or. 38, 51 (58 Pac. 892); *Smitson* v. *Southern Pac. Co.*, 37 Or. 74, 89 (60 Pac. 907). And a request for an instruction comes too late after the jury have retired to deliberate upon their verdict, even if they come into court for additional instruction on some other matter: *State* v. *McNamara*, 100 Mo. 100, 107 (13 S. W. 938); *Williams* v. *Commonwealth*, 85 Va. 609 (8 S. E. 470); *Grubb* v. *State*, 117 Ind. 277 (20 N. E. 257, 725).

7. It was not error in charging the jury when they came in for further instructions that if defendant testified on the trial of the action of *Bock* v. *Astoria* that the plaintiff "was in bed three months, and testified with a view of the jury giving damages, and that he knew it to be false, that would

be perjury for which he could be convicted, if every other statement he made was true," without including therein the rule that perjury must be proven by the testimony of two witnesses or one witness and corroborating circumstances. That matter had been fully covered in the general charge, and it was not necessary for the court to repeat what it had already said.

It follows that the judgment must be affirmed, and it is so ordered.                                              AFFIRMED.

Decided 30 January, 1906.

ON REHEARING.

MR. CHIEF JUSTICE BEAN delivered the opinion.

The objections to the admission of the testimony of Harmon and Rockey were argued and considered together, and as a consequence we naturally assumed that the testimony was substantially the same. It seems, however, that we were in error in stating that Harmon testified that while in Seattle Lane claimed to have received an injury to his "knee through a defect in the street." Harmon's testimony was that in 1900, he had a desk in the office of John B. Hart, a lawyer in Seattle, and sometimes made collections and served papers for Hart; that in July or August of that year the defendant and Lane, who then assumed the name of Meyers, came into Hart's office with one Hughes, who was picking up damage cases, and bringing them to Hart to try; that Hughes said to Hart, "Here is the man Meyers I was speaking to you about, who was hurt, and here is the witness Smith"; that Hart said "All right, boys, come in," and they stepped inside and stood there talking; that Lane and the defendant came into Hart's office later, and the witness believed they made a contract or drew up some kind of an agreement, and a claim or complaint was prepared and the witness heard

the parties say that it had been filed; that Lane walked with a cane at the time he came into the office; and that the defendant claimed to have been with him at the time he was hurt. Although it thus appears that Harmon did not testify directly that Lane's injury as alleged was to his knee or from a defect in the street, the effect of his testimony was that Lane pretended to be lame and from a hurt or injury received in Seattle, for which he was making a claim against the city, and that the defendant claimed to have been with him at the time he was injured, and was to be a witness for him in the prosecution of such claim. This was sufficient to render the evidence competent as tending to show the relationship that existed between Lane and the defendant, the latter's knowledge of the physical condition of the former, and the character of business in which they were engaged.

The record in relation to the identification of the letter taken by the sheriff from the defendant while in jail is somewhat confusing, but a reëxamination confirms us in the conclusion stated in the former opinion.

AFFIRMED: REHEARING DENIED.