IN THE

# SUPREME COURT

OF

# OREGON

Argued June 29, decided July 12, 1910.

## STATE v. McAVOY.

[109 Pac. 763.]

CRIMINAL LAW—INSTRUCTIONS—REQUEST FOR.
1. If an instruction is desired on any point, it must be requested.

CRIMINAL LAW—APPEAL—RULING OF LOWER COURT—EXCEPTION.
2. In order to raise the question in the appellate court of a ruling in the lower court, the party must have made his objection at the time of the ruling, and saved his exception thereto.

CRIMINAL LAW—APPEAL—EXCEPTIONS—DISAGREEMENT AS TO INSTRUCTIONS REQUESTED—AFFIDAVIT—TIME FOR FILING.
3. When an attorney and the judge disagreed as to whether certain instructions had been requested and excepted to in a certain trial, defendant could not avail himself of the error when he failed to file his affidavits as to the request for the instruction and the exception to its refusal within ten days from such disagreement, as provided by Section 170, B. & C. Comp., as amended by Laws 1907, p. 344.

CRIMINAL LAW—APPEAL—EXCEPTIONS—DISAGREEMENT AS TO INSTRUCTIONS REQUESTED—AFFIDAVIT OF BYSTANDERS.
4. Where the judge and attorney disagreed as to whether a certain instruction was asked at a trial and whether an exception was taken on the refusal to grant it, the appellate court could not consider the error in such refusal, where the affidavit of bystanders failed to state that an exception to the ruling was made as provided by statute.

From Lane: JAMES W. HAMILTON, Judge.

The defendant, James McAvoy, was convicted of assault with a dangerous weapon, and from the judgment and sentence which followed, he appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. M. Vernon Parsons.*

For the State there was a brief over the names of *Mr. Edwin R. Bryson,* District Attorney, and *Mr. George F. Skipworth,* Deputy District Attorney, with an oral argument by *Mr. Skipworth.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an appeal from a conviction of assault with a dangerous weapon. The only question attempted to be brought here by the exceptions is the omission of the court to instruct the jury that "the fact that the defendant did not take the witness stand in his own behalf should not be used as a circumstance against him." A controversy arose between the attorney for defendant and the court as to whether the instruction was requested or an exception taken to the omission of the court to give it. The trial was had and verdict found on March 11, 1910. Sentence and judgment were rendered on March 14th. On March 16th defendant secured the affidavit of two bystanders, to the effect that, during the argument of the case to the jury, the defendant orally asked the court to give the instruction, and that it was not given. On March 21st defendant's attorney made a similar affidavit, further stating that he excepted to the refusal of the court to give the instruction. A statement of the proceedings of the trial, setting forth the facts as contended for by defendant, as a bill of exceptions, together with the affidavits, was, on March 22d, served upon G. F. Skipworth, Deputy District Attorney, who tried the case, and on that day forwarded to the judge at Roseburg, Douglas County; on March 24th the judge indorsed thereon the following statement:

"The above is disallowed for the reason that the court's attention was not called to such instruction requested, nor was any exception saved in regard to the action of the court as to any such question. Dated March 24, 1910.
                    J. W. HAMILTON, Judge."

These papers and affidavits were filed with the clerk on March 26th. On April 9th Skipworth filed the affidavit of himself and one bystander, denying that the instruction was requested or any exception taken to a refusal to give it. This constitutes the record upon which the cause is before us, and is intended by counsel as a compliance with the provisions of Section 170, B. & C. Comp., as amended by Laws 1907, p. 344. That section provides that, "the point of exception shall be particularly stated, and may be delivered, in writing, to the judge, or entered in his minutes, or taken down by an official stenographer, * * at the time it is made, and at the time or afterwards be corrected. * * If * * the statement thereof is not agreed upon between the counsel and the court, the counsel may verify his statement thereof by his own oath and that of two respectable and disinterested persons * * and file the same as an exception to the ruling objected to. Such statement must be filed within ten days of the time that the objection is made, if the court at the time the objection is made refuses the objection; and if the disagreement does not arise until the time of the settling of the bill of exceptions, then the said statement may be made and filed within ten days of that time and not otherwise. Within ten days thereafter the adverse party may file a statement of objection as prepared or approved by the court together with affidavits," etc. These statements and affidavits shall constitute part of the record, and the appellate court must first ascertain therefrom the truth of the matter, and then decide the law as arising thereon.

1. First, it may be stated that if an instruction is desired, on any given point, it must be requested: *Page* v. *Finley,* 8 Or. 45; *Smitson* v. *Southern Pacific Co.,* 37 Or. 74 (60 Pac. 907) ; *State* v. *Reyner,* 50 Or. 224, 232 (91 Pac. 301) ; *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031: 33 Pac. 537) ; *State* v. *Smith,* 47 Or. 485, 490 (83 Pac. 865).

2. And if a party desires to raise a question in the appellate court upon an error occurring during the trial, he must have made his objection at the time the error occurred and obtain a ruling of the court thereon, and if adverse to him he must save an exception: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309) ; *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031 : 33 Pac. 537) ; *Crossen* v. *Grandy,* 42 Or. 282 (70 Pac. 906). And this must be done in the manner prescribed in said section 170, as amended.

3. In *State* v. *Magers,* 36 Or. 38 (58 Pac. 892), error was predicated upon the omission of the court to give the instruction alleged to have been requested in this case, and this court held that no appealable error was committed unless the instruction was requested. Such an error can only be brought here by a bill of exceptions or duly authenticated, as provided by said Section 170, as amended, if it cannot be agreed upon between counsel and the court.

4. The exception in this case was not particularly stated at the time, nor delivered to the judge in writing, nor taken by the stenographer. Just when it was discovered that the counsel and the court could not agree as to the statement thereof does not appear; but, when there is a disagreement, counsel is required to verify and file his statement of the exception, by his own oath, and that of two bystanders, within ten days of the time the objection was made. This was not done, as such affidavits were not filed until March 26th; and it cannot be deemed a case in which the disagreement did not arise until the time of settling the bill of exceptions, as the affidavits of the bystanders were prepared and sworn to on March 16th, while the bill of exceptions was not presented for settlement until March 22d, and was not acted upon until March 24th. However, taking the record most favorably for the defendant, the bystanders do not state that counsel took an exception to the refusal of the court to

give the instruction; and from any view point defendant has not complied with the statute, and the alleged error is not before us for review.

The judgment is affirmed.                    AFFIRMED.