[Criminal No. 435.  Filed April 18, 1918.]

[171 Pac. 1182.]

## WILLIAM SPARKS, Appellant, v. STATE, Respondent.

1. HOMICIDE—EVIDENCE—MALICE—REMOTENESS OF PREVIOUS THREATS. In a prosecution for murder, threats made by defendant against deceased previous to crime, are admissible to show malice; the remoteness in time of the threats not affecting the admissibility of such evidence, but its weight only.

   [As to admissibility of evidence of threats in prosecutions for homicide, see note in 89 Am. St. Rep. 691.]

2. HOMICIDE—EVIDENCE—"DYING DECLARATIONS."—Where deceased had received five bullet wounds through the body, and physicians told him that he was about to die, advised him to make his will, and gave him morphine to ease his pain, statements then made by him while his mind was clear and rational as to the cause of his death were admissible as dying declarations; he having died a few minutes thereafter.

3. HOMICIDE — EVIDENCE — DYING DECLARATIONS.—Statements made by deceased immediately before death, although in response to questions, and even in reply to leading questions, may be admissible as dying declarations.

APPEAL from a judgment of the Superior Court of the county of Gila.  Frank O. Smith, Judge.  Affirmed.

Mr. Benton Dick, Mr. Thomas E. Flannigan and Mr. Clifford C. Faires, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. W. P. Geary, Mr. George Harben and Mr. L. B. Whitney, Assistant Attorneys General, Mr. Norman J. Johnson, County Attorney, Mr. Kirby D. Little, Assistant County Attorney, and Mr. F. C. Jacobs, for the State.

FRANKLIN, C. J.—Appellant was charged with the crime of murder, and convicted of murder in the second degree.

It is urged that the trial court committed error in allowing the state to prove by several witnesses certain threats that appellant had made against the deceased some considerable time previous to the commission of the homicide.  Where malice is an ingredient of the offense charged, it is always proper to

introduce evidence of threats and previous troubles as tending to show malice. *Leonard* v. *State,* 17 Ariz. 283, 151 Pac. 947. Courts will not exclude threats because of their remoteness. The length of time which may elapse between the threat and the homicide may be considered by the jury in connection with all the facts and circumstances of the case to determine its weight as evidence, but the admissibility of such testimony is not to be measured by mere remoteness in point of time. Wharton's Criminal Evidence (10th Ed.) Vol. 2, Sec. 882; Cyc., Vol. 21, p. 892; *State* v. *Quinn,* 56 Wash. 295, 105 Pac. 818.

Mr. Thompson, the deceased, who was the victim of this homicide, was asked if he had been in a quarrel or fight with appellant Sparks that day, to which he replied, "No; not that day." Thompson was then asked this question, "Did he [Sparks] just come up and shoot you?" Thompson replied, "Yes." Dying declarations are always admissible to show who killed the deceased, and the *res gestae* of the killing, and such statements make one of the exceptions to the hearsay rule. It is objected that the court erred in admitting these questions and answers as a dying declaration. The admission of this testimony, under the circumstances, is free from error. When a surgeon first examined the deceased upon the ground at the scene of the killing, he was in a dangerously wounded condition, with five bullet holes through his body. The deceased was told that he would probably not live until he reached the hospital. At the hospital he was attended by two surgeons, and was again informed of his grave condition and the slight chance for his recovery. The deceased had been given some morphine to ease his pain, and the surgeons began to administer ether preparatory to an operation; but they found the physical condition of the patient such that they at once desisted. The deceased was told to make his will, and did indicate what disposition he wished made of his property, and then he was asked the questions and made the answers that have been quoted. The surgeons testified that at the time he was perfectly conscious and rational, and five or ten minutes afterward he died. The circumstances clearly indicate that the statements made by him were by one about to die, who was in fear of impending death, and who subsequently died; that they were freely and voluntarily made as to a relevant and material fact, and with sufficient consciousness to

comprehend the situation and the questions asked and answered. This, we think, places the matter squarely within the rule pertaining to the admissibility of a dying declaration.

The fact that the declarations were made in response to questions asked the declarant, in the absence of statute, does not affect the admissibility; nor the fact that they consisted of direct answers to leading questions. Wharton on Criminal Evidence, (10th Ed.) Vol. 1, par. 293. It affects only the value of the evidence which is exclusively for the jury, and not its admissibility. 21 Cyc. 979–986; *State* v. *Foot You*, 24 Or. 61, 32 Pac. 1031, 33 Pac. 537.

In addition to the assignments of error made, we have carefully examined the record and are convinced that substantial justice has been done.

There is no reversible error. The judgment is affirmed.

ROSS and CUNNINGHAM, JJ., concur.

---

As to evidence of threats of accused or person injured or killed, see note in 17 L. R. A. 654.

As to dying declarations, in general, see extensive note in 56 L. R. A. 353.