529 P.2d 1172

**STATE of Arizona, Appellee,**

v.

**Anthony MOORE, Appellant.**

**No. 2919.**

Supreme Court of Arizona,
En Banc.

Dec. 31, 1974.

---

N. Warner Lee, Atty. Gen. by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

HAYS, Chief Justice.

The defendant has appealed from a conviction for first degree murder. He was sentenced to life imprisonment.

On the evening of June 24, 1973, a deputy sheriff and another individual were investigating a report of poaching in the area. While doing this, they observed a vehicle approaching and then turning around and quickly departing. The deputy got into the marked sheriff's truck and chased the vehicle, red light turned on and rotating. The individual with the deputy noticed meat thrown out on the highway. Two men following them—the rancher who first reported the possible poaching and another—stopped and picked up fresh

deer meat. The driver of the vehicle being chased stopped and surrendered, but defendant Moore jumped from the truck with his gun and ran into the canyon. All of the testimony indicates that the deputy shouted for Moore to stop and proceeded after him carrying a flashlight and a pistol. The defendant observed persons coming into the canyon and, seeing the pistol, fired between the light and the gun. His shot struck the deputy who subsequently died.

Two issues are raised on appeal: (1) whether it was error to admit the testimony of two witnesses concerning past statements of the defendant, and (2) whether it was error not to instruct the jury on the issue of manslaughter.

One witness testified that Moore had told him on two occasions that if a game warden caught Moore "butchering out" a deer, Moore would kill the game warden. The first occasion was approximately 18 months prior to the incident in issue and the second, approximately one year prior.

Another witness testified that Moore made a similar statement to him about one month before the deputy was killed. The defendant argues that these statements were made at a time too remote to be admissible. The admissibility of such testimony is not measured by remoteness in time. Sparks v. State, 19 Ariz. 455, 171 P. 1182 (1918). The length of time is, instead, a factor to be considered by the jury in considering the weight of the evidence. Sparks v. State, *supra*. These declarations were admissible as evidence of the continuing malicious state of mind of the defendant from which it could be properly inferred by the jury that Moore carried out his threat. *See* Wigmore, Evidence § 1732 (Chadbourn rev. 1970); McCormick, Law of Evidence § 269; Udall, Arizona Law of Evidence § 173.

The defendant argues also that if the officer did not have probable cause to arrest Moore, or if Moore did not know that he was shooting at a policeman, then the killing would be involuntary manslaughter.

The defendant admitted in his testimony that he knew he was being followed by law enforcement officers; and it cannot be doubted that had the deputy been able to effectuate an arrest, it would have been lawful. An officer may make an arrest without a warrant if he has probable cause to believe that a misdemeanor has been committed and probable cause to believe that the person to be arrested committed the offense. A.R.S. § 13–1403(4). Probable cause exists when the arresting officer has reasonably trustworthy information sufficient to indicate to a reasonable man that an offense has been committed and that the person to be arrested committed it. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; State v. Williams, 104 Ariz. 319, 452 P.2d 112 (1969). A shot in the area was reported to the investigating deputy who then followed a truck which had turned and departed suspiciously upon seeing the sheriff's truck and from which meat was then thrown. The defendant's companion shortly thereafter surrendered to the authorities while Moore fled on foot. The officer had probable cause to make a lawful arrest.

. Death is considered involuntary manslaughter if it occurs in the commission of an unlawful act not constituting a felony. A.R.S. § 13–456(A)(2). The unlawful act of poaching had long since ceased when the deputy was killed. The death cannot be considered to have occurred in the commission of an unlawful act not a felony and, therefore, there was no error in refusing the instruction on manslaughter. There is no error in failing to give such an instruction if there is no evidence on which to base the theory. State v. Corley, 108 Ariz. 240, 495 P.2d 470 (1972).

The judgment of conviction and sentence are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.